### WARNER et al. v. MAXWELL.

A riparian owner filed an application for injunction against named individuals, alleging that they were engaged in constructing a dam in a stream below his property, which would have the effect of injuring his land by overflow and seepage. The defendants answered that they were the officers and employees of a corporation in whose behalf the work of construction was being done, and that it was not the intention of the corporation to construct a dam of such a height as that the plaintiff's property would be at all injured. At the hearing there was evidence from which the judge could find that the dam sought to be constructed would have the effect of injuring the plaintiff's property, and an order was passed enjoining the defendants from obstructing the stream. The defendants excepted and assigned as error that the injunction should have been in such a modified form as to authorize the construction of a dam of such a height as would not injuriously affect the plaintiff's property. *Held :* (1) As the corporation constructing the dam was not a party to the case and would not be bound by the judgment, the discretion of the judge below in granting the injunction will not be controlled. (2) If hereafter the corporation should see fit to make itself a party to the case, the judge would be authorized, upon a hearing had at its instance, to determine at what height a dam could be erected without injuring the plaintiff's property, and authorize the work of construction of such a dam to proceed.

Argued October 19,—Decided December 21, 1905.

Injunction. Before Judge Kimsey. Hall superior court. June 27, 1905.

E. D. Maxwell brought a petition for injunction against A. J. Warner, W. A. Carlisle, John Sargent, and John Yonce, and alleged: Petitioner is the owner of about fifty acres of land on the

Chattahoochee river. The defendants are preparing to obstruct said river below petitioner's property at Wilson's shoals, and the dam proposed to be erected will cause an overflow of said river upon the most valuable portion of petitioner's property, and by seepage and percolation render the bottom land not actually covered by water too wet for cultivation; and unless defendants be enjoined from erecting said dam, petitioner will be irreparably damaged, will be forced to bring a multiplicity of suits, and will be greatly harassed and annoyed. Defendants are insolvent.

The defendants answered, that they were only the agents and employees of the North Georgia Electric Company, which owned Wilson's shoals in fee simple, and which proposed to erect the dam; and that the height of the proposed dam had not then been determined; but it was denied that any dam would be erected which would cause an overflow to the damage of the plaintiff.

The plaintiff introduced in evidence, over objection, certified copies of a mortgage from the North Georgia Electric Company to the Knickerbocker Trust Company of New York, to secure bonds up to $250,000 for erecting a dam upon Wilson's shoals, pledging the property known as the Wilson shoals water-power, and a second mortgage between the same parties to secure bonds amounting to $200,000, pledging the Dunlap shoals. After the introduction of evidence from both sides, the injunction was granted. To this judgment, and to the admission of the mortgages in evidence, the defendant excepted.

*H. H. Dean,* for plaintiff in error.

*H. H. Perry, G. H. Prior, Samuel C. Dunlap, Howard Thompson,* and *Fletcher M. Johnson,* contra.

COBB, P. J. (After stating the foregoing facts.) One acting as the agent or servant of another may plead, in justification of a completed act alleged to be trespass, that he acted in such a capacity, and that the principal or master was authorized to do the act. In a similar way he may justify an act about to be performed or to be performed in the future. He can not, however, bind his principal or master as to the manner of the performance of a future act, or as to its performance at all. He may plead the authority of his principal or master as to any act which the latter would have the right to do in his own behalf; but if the master or principal is *not*

a party to the case, he would not generally be bound by a judgment in favor of or against the agent or servant. In the present case the defendants are mere officers or employees of a corporation. The corporation is not a party to the case. There was evidence from which the judge could find that a trespass upon the property of the plaintiff was threatened. But it is said that there was evidence that the corporation that owned the property and was constructing the dam did not intend to construct a dam of such a height as that injury would result therefrom to the plaintiff's property; and that the injunction should have been so limited as to prevent those acts which would have resulted in injury to the plaintiff, and to permit work of such a character as would result in no injury. If the corporation had been a party to the case and had been before the court, so as to have been bound by its judgment, this would have been a proper judgment to have been rendered. But with the corporation absent, and only officers and employees parties who would be bound to respect the judgment, such defendants were not in a position to complain that the judgment affected the rights of the corporation. Their connection with the corporation might be severed at any time. Other officers, agents, servants, and employees might take charge of the work, and in behalf of the corporation commit the wrongs which the plaintiff alleges were threatened, and might claim immunity from punishment. With the parties before the court at the time the injunction was granted, and under the evidence as it appears in the record, we do not feel justified in interfering with the discretion of the judge in granting the injunction. If the corporation in whose behalf the defendants were acting hereafter sees proper to make itself a party to the case so that it might be bound by any judgment that might be rendered, the judge would have authority to reopen the case, and at their instance frame an order enjoining the erection of such a dam as would injure the plaintiff's property. That is, if it appears from the evidence to the satisfaction of the judge that a dam of a given height could be erected which would not result in any injury to the plaintiff's property, then an injunction could be granted simply enjoining the corporation from erecting a dam of a greater height than that which the evidence discloses would affect the plaintiff in the enjoyment of the property in the condition in which it now exists. Under the view which we have taken of the case, the rulings upon the admissibility

of evidence, even if erroneous, were not of such a material nature as to require a reversal of the judgment.

*Judgment affirmed. All the Justices concur.*